**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mickey Nelson Clayton, | ) | No. CV-17-01464-PHX-SPL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| HSBC Bank USA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      First American Title Insurance Company ("First American") has moved the Court to dismiss Plaintiff Mickey Nelson Clayton's First Amended Complaint (Doc. 1-1 at 2-17). (Doc. 15.) Defendants Wells Fargo, N.A. and HSBC Bank USA, National Association, as Trustee for Nomura Asset-Backed Certificate Series, 2006-AF1 (collectively, "Wells Fargo Defendants"), have also moved to dismiss Plaintiff's First Amended Complaint. (Doc. 18.) The motions are ready for resolution.[1]

      To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a

---

[1]     The Court assumes the Parties' familiarity with the facts and proceedings.

cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacificia Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Although a complaint "does not need detailed factual allegations," a plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*

Count I of Plaintiff's Amended Complaint fails to state a claim for an invalid trustee's sale. Plaintiff alleges that the Notice of Trustee's Sale recorded on April 15, 2010 is invalid because it is "being held by a purported beneficiary who does not rightfully have a beneficial interest to foreclose." (Doc. 1-1- at 10.) The public record shows that MERS purported to appoint Defendant First American as trustee in February 2009 (Doc. 1-1, Ex. E)—two years after MERS assigned its interest as trustee to Wells Fargo Defendants (Doc. 1-1, Ex. C).[2] Yet Plaintiff does not, and cannot, allege that he was harmed by this error because the Notice of Trustee's Sale stemming from the erroneous trustee substitution was cancelled. (Doc. 18-2, Ex. E.) Even if the error had not been rectified—which it was—"an error in the description of the beneficiary will not invalidate an otherwise compliant Notice and sale." *Mundinger v. Wells Fargo Bank*, No. CV-10-2774-PHX-FJM, 2011 WL 1559423, at *3 (citing Ariz. Rev. Stat. § 33-808(E)). Moreover, Defendant First American was appointed trustee by Wells Fargo Defendants

---

[2] "[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts noticed are not subject to reasonable dispute." *Intri-Plex Tech., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (internal citations and punctuation omitted).

2

in 2009. (Doc. 18-2 at 8-9.) Plaintiff's claim for declaratory judgment that the Notice of Trustee's Sale recorded on April 15, 2010 is invalid fails to state a claim and is therefore, dismissed.

Count II of Plaintiff's Amended Complaint fails to state a claim for breach of contract. Plaintiff alleges that he entered into a contract with Wells Fargo Defendants to modify his loan and that Defendants breached that contract by (1) requiring Plaintiff to obtain a signature from MERS regarding the subordination agreement, and (2) failing to notify Plaintiff that he did not qualify for the loan modification. (Doc. 1-1 at 10-11.) Plaintiff alleges that Defendants added this requirement after the trial period was already underway and that "[it] was unreasonable." (Doc. 1-1 at 8.) Plaintiff directs the Court to the "Trial Period Plan Notice" as the contract which Defendants allegedly breached. (Doc. 1-1, Ex. J.) Under a header entitled, "What you need to do," the Trial Period Plan Notice reads as follows:

> Please note that your trial period may extend beyond the dates provided. . . . Some reasons for the extension could be tied to other liens you have on your property that may be required to be cleared prior to final approval of your modification. *For example, we may need to receive a subordination agreement from the other lenders so that we can maintain our lien position.*

(Doc. 1-1 at 82-83) (emphasis added).

Because Plaintiff failed to meet the condition precedent to the formation of the contract—that is, obtaining a signature from MERS—Defendants were not obligated to modify his loan. *See Biltmore Bank of Ariz. v. First Nat'l Mortg. Sources, L.L.C.*, No. CV-07-936-PHX-LOA, 2008 WL 564833, at *7 (D. Ariz. Feb. 26, 2008). Because there was no contract between Plaintiff and Defendants regarding modification of his loan, Plaintiff has failed to state a claim for breach of contract.

In Arizona, all contracts contain an implied covenant of good faith and fair dealing. *Coulter v. Grant Thornton, LLP*, 241 Ariz. 440, ¶ 30, 388 P.3d 834, 842 (App. 2017) (internal citation omitted). This implied covenant can be breached when a party

exercises "express discretion in a way inconsistent with a party's reasonable expectations and by acting in ways not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." *Cavan*, 182 F.Supp.3d at 961 (citing *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 424, 46 P.3d 431, 435 (App. 2002)). Again, the condition precedent necessary to the formation of the loan modification contract between Plaintiff and Defendants was never satisfied. In the absence of an underlying contract upon which a claim for breach of covenant of good faith and fair dealing could be based, Plaintiff has failed to state a claim.

In Count IV of Plaintiff's First Amended Complaint, Plaintiff alleges that Defendant First American breached its fiduciary duty to Plaintiff by (1) relying on MERS' erroneous Notice of Substitution of Trustee, and (2) signing a Notice of Trustee's Sale based on the erroneous documentation from MERS. (Doc. 1-1 at 13.) Defendant First American, however, "was under no obligation to independently verify the accuracy of the mortgage documents provided to it or the validity of its appointment as Trustee." *Vawter v. Bank of Am. NA*, 108 F.Supp.3d 719, 725 (D. Ariz. 2015) (citing *Cervantes v. Countrywide Home Loans, Inc.* 656 F.3d 1034, 1045 (9th Cir. 2011)). Accordingly, Plaintiff has failed to state a claim against Defendant First American for breach of fiduciary duty.

Count V of Plaintiff's Amended Complaint is for a mandatory injunction against Defendants for all future actions against Plaintiff or the property pending resolution of this litigation. (Doc. 1-1 at 15.) Injunctive relief is a remedy, not an independent cause of action. *Lorona v. Ariz. Summit Law Sch.*, 151 F.Supp.3d 978, 997 (D. Ariz. 2015). Moreover, a mandatory injunction "goes well beyond simply maintaining the status quo pendent lite [and] is particularly disfavored." Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (internal citations omitted). The Court will not issue a mandatory injunction "unless the facts and law *clearly* favor the moving party." *Id.* (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)).

The Court finds that Plaintiff's estoppel argument fails and will grant Defendants' motion to dismiss Count VI. Plaintiff alleges that Defendants "made a clear and unambiguous promise to Plaintiff that it would modify is [sic] loan." (Doc. 1-1 at 15.) In order to state a claim for promissory estoppel, Plaintiff must show that: (1) Defendant made a promise to Plaintiff; (2) Defendant should have reasonably foreseen that Plaintiff would rely on that promise; (3) Plaintiff actually relied on that promise to his detriment; and (4) Plaintiff's reliance on the promise was justified. *Schrock v. Fed. Nat'l Mortg. Ass'n*, No. CV-11-0567-PHX-JAT, 2011 WL 3348227, at *7 (D. Ariz. Aug. 3, 2011). The Court agrees with Wells Fargo Defendants that Plaintiff's own exhibits undermine this claim. (Doc. 18 at 12-13.) The "Trial Period Plan Notice" from America's Servicing Company makes it clear that the Notice was only the first step in Plaintiff's loan modification process and that it would not be finalized unless certain conditions were met. (Doc. 1-1 at 82-87.) Ultimately, the Trial Period Plan Notice upon which Plaintiff's claim is based was—by no means—an unambiguous promise to modify the loan and any reliance by Plaintiff was unjustified.

Count VII of Plaintiff's First Amended Complaint is a claim for respondeat superior liability against HSBC Bank USA for the actions of its agent, Defendant Wells Fargo. (Doc. 1-1 at 16.) Because Plaintiff has failed to state a claim against Defendant Wells Fargo, Plaintiff's claim for derivative liability also fails. *Wiper v. Downtown Dev. Corp. of Tucson*, 152 Ariz. 309, 311, 732 P.2d 200, 202 (Ariz. 1987) (internal citation omitted). Accordingly,

**IT IS ORDERED**:

1. That Defendant First American's Motion to Dismiss (Doc. 15) is **granted**;

2. That Wells Fargo Defendants' Motion to Dismiss (Doc. 18) is **granted**;

3. That the Parties' Joint Notice of Discovery Dispute (Doc. 40) and Joint Motion to Extend Time (Doc. 41) are **denied as moot**; and

///

///

4. That the Clerk of Court shall terminate this case and enter judgment accordingly.

Dated this 31st day of March, 2018.

_____
Honorable Steven P. Logan
United States District Judge