**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mickey Nelson Clayton, | ) | No. CV-17-01464-PHX-SPL |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| HSBC Bank USA NA, et al., | ) ) ) | |
| Defendants. | ) ) | |

Defendants Wells Fargo Home Mortgage Corporation and HSBC Bank USA NA (together, the "Defendants") move for an award of attorneys' fees pursuant to A.R.S. § 12-341.01(A) (the "Motion"). (Doc. 55) The Motion was fully briefed on July 13, 2018. (Docs. 61, 65) The Court's ruling is as follows.

**I. Background**

Mickey Nelson Clayton (the "Plaintiff") initiated this lawsuit against HSBC Bank USA NA in Arizona state court alleging causes of action for breach of contract and declaratory relief, among other claims, related to the Defendants' failure to modify his home loan agreement. (Doc. 1) In April 2017, Wells Fargo Home Mortgage Corporation was added as a defendant to the case, and the Defendants removed the case to federal court in May 2017. Approximately two weeks after removal, the Defendants filed a motion to dismiss the Plaintiff's claims. (Doc. 18) The motion to dismiss was granted on March 31, 2018, and judgement was entered in favor of the Defendants. (Docs. 42, 43) The

Defendants now move for an award of attorneys' fees for successfully defending against the Plaintiff's claims. (Doc. 55)

## II. Analysis

### A. <u>Eligibility For Fees Under A.R.S. §12-341.01(A).</u>

The Defendants move for an award of reasonable attorneys' fees pursuant to A.R.S. § 12-341.01(A). (Doc. 55 at 2) A.R.S. § 12–341.01 provides district courts with discretion to award attorneys' fees to the "successful party" in actions arising out of contract. Ariz. Rev. Stat. Ann. § 12-341.01 (stating "in any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees"); *Med. Protective Co. v. Pang*, 740 F.3d 1279, 1280 (9th Cir. 2013). It is undisputed that the Defendants were the successful party in this matter. (Doc. 61 at 8) Furthermore, the Plaintiff does not contest that this lawsuit arose out of a contract between the parties, thus allowing A.R.S. § 12-341.01(A) to provide the statutory basis for the recovery of attorneys' fees. (Doc. 61 at 5)

The Court must consider six factors when weighing a decision to award fees to a successful party, including: (1) whether the unsuccessful party's claim or defense was meritorious; (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) whether the successful party prevailed with respect to all of the relief sought; (5) whether the legal question presented was novel and whether such claim or defense has previously been adjudicated in this jurisdiction; and (6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees. *Med. Protective Co. v. Pang*, 25 F. Supp. 3d 1232, 1242 (D. Ariz. 2014). No one factor is determinative, and a court should consider all six factors in its analysis. *Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987).

1. <u>Whether the Unsuccessful Party's Claim or Defense Was Meritorious.</u>

The Defendants argue that the Plaintiff's claims lacked merit because they were premised on faulty legal theories that were unable to survive the Defendants' motion to dismiss. (Doc. 55 at 7) The Plaintiff reiterates the facts supporting his claims in order to argue that his claims had merit, even though he was ultimately unsuccessful. (Doc. 61 at 7) As evident from the Court's Order (Doc. 42) granting the Defendants' motion to dismiss, the majority of the claims that the Plaintiff asserted against the Defendants were without merit. The Plaintiff failed to allege sufficient facts on his breach of contract claim against the Defendants because the Plaintiff failed to meet the conditions precedent to qualifying for a loan modification. (Doc. 42 at 3) Furthermore, the Court found that the Plaintiff's reliance on the "Trial Period Plan Notice" as a basis for his estoppel claim against the Defendants was unjustified. (Doc. 42 at 5) Accordingly, the Court finds that this factor weighs heavily in favor of awarding the requested attorneys' fees.

2. <u>Whether the Litigation Could Have Been Avoided or Settled.</u>

The Defendants argue that they could not have avoided this litigation because they needed to defend their interests in the Plaintiff's loan agreement. (Doc. 55 at 8) The Plaintiff argues that settlement of this case was possible, but the Defendants were inflexible and unwilling to provide the Plaintiff with the loan modification relief he sought prior to filing the lawsuit. (Doc. 61 at 7) The Court finds that it was reasonable for the Defendants to defend their interests under the loan agreement in this case, and the Defendants' efforts in quickly bringing the motion to dismiss helped efficiently expedite the resolution of the case. Accordingly, the Court finds that this factor weighs slightly in favor of awarding the Defendants their attorneys' fees for their efforts in defending this case.

3. <u>Whether Assessing Fees Against the Unsuccessful Party Would Cause an Extreme Hardship.</u>

The Defendants argue that the Plaintiff has not provided sufficient evidence to demonstrate that an award of the requested attorneys' fees would cause extreme hardship. (Doc. 55 at 8) The Plaintiff states that his ongoing bankruptcy matter, his pre-bankruptcy

tax liability, and his ongoing spousal maintenance obligations are all factors that help to demonstrate that the additional obligation of paying an award of attorneys' fees would cause extreme hardship on him as an individual. (Doc. 61 at 8) The Defendants' requested fee award is in excess of $100,000, which in most circumstances, but especially under the present circumstances, would cause an individual party an extreme hardship. This finding is not only based on the amount of the fees requested by the Defendants, but also the Plaintiff's ongoing bankruptcy proceedings. Therefore, the Court finds that this factor weighs against an award of attorneys' fees.

4. <u>Whether the Successful Party Prevailed with Respect to All of the Relief Sought.</u>

It is undisputed that the Defendants prevailed with respect to all relief sought based on successfully dismissing the Plaintiff's claims against them. (Doc. 55 at 8; Doc. 61 at 8) Therefore, the Court finds that this factor weighs in favor of an award of attorneys' fees.

5. <u>Whether the Legal Question Presented Was Novel.</u>

It is undisputed that the legal questions presented in this case were not novel. (Doc. 55 at 9; Doc. 61 at 8) Therefore, the Court finds that this factor weighs in favor of an award of attorneys' fees.

6. <u>Whether the Award Would Discourage Other Parties with Tenable Claims or Defenses from Litigating or Defending Legitimate Contract Issues for Fear of Incurring Liability for Substantial Amounts of Attorneys' Fees.</u>

The Defendants argue that the requested fee award would not discourage parties with meritorious claims from litigating legitimate disputes in the future. (Doc. 55 at 9) The Plaintiff argues that a fee award in excess of $100,000 would have a chilling effect on other similarly situated homeowners seeking to challenge their loan agreements with major banking institutions. (Doc. 61 at 9) The Court agrees that a large fee award levied against an individual may have a slight chilling effect on parties with similar claims; however, the Court does not find that the threat of a fee award would strongly discourage parties with meritorious claims from pursuing their claims against similarly situated defendants. Accordingly, the Court finds that this factor weighs slightly against an award of attorneys'

fees.

In weighing all of the factors, the Court finds that an award of attorneys' fees is appropriate in this case. The Court finds that the Plaintiff's claims were brought without merit, and the Defendants could not have avoided or settled this litigation while simultaneously protecting their interests. The Court finds that the requested fee award may cause extreme hardship to the Plaintiff in this case. However, it is undisputed that the Defendants were successful in dismissing all of the Plaintiff's claims against them and the issues presented in this lawsuit were not novel. Finally, the Court finds that while the requested fee award may have a slight chilling effect on parties seeking to bring similar claims, this mild discouragement would not unreasonably prevent parties with meritorious claims from moving forward. Accordingly, the Court finds that an award of attorneys' fees under A.R.S. § 12-341.01(A) is proper in this case.

**B. Reasonableness of Fees.**

The Defendants are seeking an award of attorneys' fees in the amount of $122,647.84. (Doc. 55 at 2) The Court notes that a lodestar analysis is unnecessary in this case because the present request for attorneys' fees is based on the actual hours expended by defense counsel. *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931 (Ct. App. 1983) (stating that the lodestar method is unnecessary where the parties have agreed that payment for legal services is to be made based upon an attorney's billing rate charged for time actually expended.) Local Rule of Civil Procedure 54.2 sets forth thirteen factors that a Court may consider when reviewing a fee request for reasonableness. These factors include: (1) the time and labor required of counsel; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by counsel because of the acceptance of the action; (5) the customary fee charged in matters of the type involved; (6) whether the fee contracted between the attorney and the client is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount of money, or the value of the rights, involved, and the results obtained; (9) the experience, reputation and ability of counsel;

(10) the "undesirability" of the case; (11) the nature and length of the professional relationship between the attorney and the client; (12) awards in similar actions; and (13) any other matters deemed appropriate under the circumstances. Each factor will be addressed in turn.

1. The Time and Labor Required of Counsel.

The Defendants are seeking reimbursement for approximately 324.1 hours of work performed by their attorneys on this case. (Doc. 55 at 11) This case was initiated in Arizona state court in November 2015 against HSBC, and Wells Fargo was added as a party in April 2017. (Doc. 1 at 2) From the time the case was initiated against each defendant to the Court's Order dismissing the case in late March 2018, counsel for HSBC worked on this case for nearly three years and counsel for Wells Fargo worked on this case for approximately ten months. (Docs. 1, 42) The Court finds that the number of hours expended over the course of this litigation seems more than reasonable, considering that the request could equate to multiple attorneys sharing approximately 32 hours per month over the course of ten months. Accordingly, the Court finds that the number of hours expended by counsel on this matter was reasonable and prudent.

2. The Novelty and Difficulty of the Questions Presented.

As previously discussed, it is undisputed that the legal questions present in this case were not novel or difficult. (Doc. 55 at 9; Doc. 61 at 8)

3. The Customary Fee Charged in Matters of the Type Involved.

The Defendants assert that the billing rates charged by their counsel were similar to, or at times far below, the rates charged by comparable law firms in the Phoenix, Arizona legal market. (Doc. 55 at 12) The Plaintiff concedes that many of the Defendants' attorneys were billing at discounted rates reduced by approximately 20% to 40%. (Doc. 61 at 13)

4. Whether the Fee Contracted Between the Attorney and the Client is Fixed or Contingent.

The billing rates for defense counsel were fixed, varying based on the experience level of the attorney or paraprofessional performing the task. (Doc. 55 at 12)

5. <u>The Amount of Money, or the Value of the Rights, Involved, and the Results Obtained.</u>

The Defendants assert that the amount owed under the Plaintiff's loan has risen to close to $2 million, up from its original $1.2 million. (Doc. 55 at 12) The Defendants fought against the Plaintiff's claims in order to protect their interests under the loan agreement and were successful having all of the Plaintiff's claims dismissed. (Doc. 55 at 12) The Court finds that the amount of the fee award accrued over the course of this lengthy litigation was proportionate and reasonable in light of the amount of money at risk under the Plaintiff's loan agreement.

6. <u>The Experience, Reputation and Ability of Counsel.</u>

The Defendants assert that the financial services litigation practice group at the firm of Snell & Wilmer LLP served as experienced and reputable counsel throughout this litigation. (Doc. 55 at 13)

The Defendants fail to address (i) the skill requisite to perform the legal service properly; (ii) the preclusion of other employment by counsel because of the acceptance of the action; (iii) any time limitations imposed by the client or the circumstances; (iv) the "undesirability" of the case; (v) the nature and length of the professional relationship between the attorney and the client; (vi) awards in similar actions; and (vii) any other matters deemed appropriate under the circumstances.

The Plaintiff's response to the Motion fails to address any of the aforementioned factors. Instead, the Plaintiff argues that the total amount of the fees requested by the Defendants is unreasonable in comparison to the fees charged by counsel to other parties to the lawsuit. (Doc. 61 at 10) The Plaintiff argues that the Defendants' Motion should fail because the Defendants failed to attach a copy of a fee agreement to the Motion. (Doc. 61 at 13) Alternatively, in the event that the Court chooses to grant the Motion, the Plaintiff argues that the Defendants' fees should be discounted by $16,628.02, and any overall fee award should be reduced by $30,947.30 due to the lack of information, unreasonable amount of time spent, or presence of duplicative efforts by defense counsel reflected in the

time entries provided to the Court. (Doc. 61 at 12)

The Court finds that the Defendants complied with Local Rule of Civil Procedure 54.2(d) by stating that defense counsel did not have a written fee agreement with the Defendants. (Doc. 55-2 at 3) The Court also finds that the discounted and non-discounted hourly rates billed by defense counsel were reasonable because, as the Plaintiff points out, most of the attorneys working on this matter discounted their hourly rates between approximately 20% to 40%. (Doc. 61 at 13) The Court also finds that the 324.1 hours billed to this matter, which was ongoing in state and federal courts for nearly three years, is reasonable, and that the case realistically changed hands between attorneys with varying experience levels over time. Finally, the Court finds that the time entry records provided by the Defendants are sufficiently detailed to demonstrate that defense counsel acted prudently and efficiently throughout their handling of this case.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Award of Attorneys' Fees (Doc. 55) is **granted**.

**IT IS FURTHER ORDERED** that Defendants HSBC Bank USA NA and Wells Fargo Home Mortgage Corporation collectively are awarded attorneys' fees and non-taxable expenses incurred in defending against Plaintiff's claims in the amount of $122,647.84.

Dated this 15th day of March, 2019.

Honorable Steven P. Logan
United States District Judge